IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | C.R. NO. C-12-271 |
| | § | |
| RUFINO CORONA-SALINAS | § | |

**OPINION REGARDING THE RECOUPMENT OF COSTS
RELATED TO DEFENDANT'S COURT-APPOINTED COUNSEL**

Defendant, Rufino Corona-Salinas, was indicted for illegally reentering the United States in violation of 8 U.S.C. § 1326. (D.E. 11). Defendant filed a motion for a hearing to determine the whereabouts of his monies confiscated by the Court. (D.E. 28). Essentially, defendant is asserting that his money was taken in violation of the Due Process Clause of the Fifth Amendment.

**I. BACKGROUND**

On March 26, 2012, defendant was arrested and charged with illegally reentering the United States. (D.E. 1). On March 27, 2012, he appeared in court for an initial appearance during which he was advised of his rights, including his right to counsel.

Under oath, defendant indicated that he wanted a court-appointed counsel. In support of his request for a court-appointed attorney, he was asked some questions about his finances. He testified that he answered the questions about his finances truthfully and honestly as well as that he signed the Financial Affidavit form in his case. Notably, in response to the questions regarding his finances, he indicated that he possessed $600 at the time of his arrest, he was not married and did not have any children, and he had no monthly debts or obligations as he resided with his sister in Mexico. (D.E. 2). Once it was determined that he qualified for a court-appointed attorney, he was advised that he may be required to pay back some or all of the cost of

his representation. Defendant indicated that he understood he could be required to pay some or all of the cost of his appointed counsel. Indeed, the Financial Affidavit form indicates that a "defendant may be required to repay part or all of the cost of court appointed attorney...." Id. The Federal Public Defender was appointed to represent him. (D.E. 4).

On March 27, 2012, an order of authorization for distribution of available private funds was issued. (D.E. 3). Based on the information from the initial appearance and the Financial Affidavit Form, it was found "that funds are available from or on behalf of the above named defendant/petitioner for payment of compensation and expenses of court-appointed counsel and/or for other services necessary for adequate representation, and that the above defendant/petitioner is therefore financially able to obtain counsel or to make partial payments for representation, and/or for other services necessary for adequate representation." Id. Consequently, it was ordered that $400 be deposited into the Clerk of the Court's registry. Id. On April 2, 2012, an agent with the Department of Homeland Security provided to the Clerk of the Court $400 of the money taken from defendant at the time of his arrest. (D.E. 10).

On April 19, 2012, defendant was indicted for illegal reentry. (D.E. 11). On June 1, 2012, defendant pled guilty before a magistrate judge. (D.E. 18). That guilty plea was adopted by the Court. (D.E. 20). On August 23, 2012, defendant was sentenced to 21 months in prison and assessed a $100 special assessment.

On January 29, 2013, a hearing was conducted regarding this issue with defendant appearing telephonically. Defense counsel asserted that the order regarding the $400 was an unconstitutional taking in violation of the Fifth Amendment. However, he acknowledged that he had neither listened to the tape of the initial appearance proceeding, nor had he reviewed

defendant's Financial Affidavit form.

## II. ANALYSIS

Any reimbursement or recoupment of the costs of court-appointed counsel is provided by the Criminal Justice Act. United States v. Hoover, 175 F.3d 564, 569 (7th Cir. 1999) (citation omitted). In the Criminal Justice Act, Congress authorized the receipt of monies from criminal defendants to defray the costs of their court-appointed representation:

> Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid ... to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section.

18 U.S.C. § 3006A(f); see also 18 U.S.C. § 3006A(c) ("If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able ... to make partial payment for the representation, it may ... authorize payment as provided in subsection (f), as the interests of justice may dictate").

The decision by a court to recoup some funds related to the expense of a court-appointed attorney "is administrative in nature and left to the discretion of the trial court." United States v. Homrighausen, 366 F. App'x 76, 78 (11th Cir. 2010) (per curiam) (unpublished); see also Hoover, 175 F.3d at 569 (""Reimbursement of attorney's fees under § 3006A(f) is 'a matter with[in] the ... discretion of the district court and not such an event that requires the procedural safeguards of an adversary hearing'"); United States v. Knott, 142 F. Supp. 2d 468, 470 (S.D.N.Y 2001) (pursuant to the Criminal Justice Act, courts may order defendants who qualify for court-appointed counsel to pay part of the cost of their representation). Such a determination must be based on a defendant's current assets. United States v. Danielson, 325 F.3d 1054, 1077

3

(9th Cir. 2003).

In order to recoup some of the expense of a court-appointed counsel a court must determine that there were specific funds available.  See Museitef v. United States, 131 F.3d 714, 716 (8th Cir. 1997) ("repayment should be ordered under § 3006A(f) only after a full inquiry into his actual ability to bear those costs").  As the Fifth Circuit has explained, "the reference to 'funds available for payment' in subsection (f) refers solely to circumstances in which funds would have been available for payment for representation."  United States v. Bursey, 515 F.2d 1228, 1236 (5th Cir. 1975).

Defendant asserts that he "has written the District Clerk regarding his confiscated money to which the Clerk has given an answer that leads Corona to believe that his court-appointed counsel did not pay his court-ordered obligations with the money that was confiscated." (D.E. 28, at 1).  Defense counsel maintains that he "never gained control over the first $400 of Corona's money."  Id.  Despite seeking a hearing to determine the location of the $400, he acknowledges that the "funds were ordered to go from the case agent in the case to the registry of the Court, again, for reasons unknown."  Id.  Apparently, defense counsel knew where the funds went, the Court's registry, but was then confused why the funds were deposited into the registry.  Of course, he was aware of the March 27, 2012 Order placing the funds into the registry to offset the cost of defendant's representation.  Again, another mystery is solved.

Next, defendant argues that the recoupment violated his Fifth Amendment Due Process right.  However, defense counsel does not point to any case law to support this position.  Moreover, he did not provide any specifics as to what process was due.  Indeed, he indicated that he somehow believed that it was for the Court to tell him and his client what the standard is.

4

At the initial appearance, defendant sought a court-appointed counsel. To do so, he provided his financial information, including signing the Financial Affidavit form. He indicated not only did he have $600 in cash on him at the time of his arrest, but that he did not have any dependents or any other personal financial obligations. He was advised of the fact that he could be required to pay back some or all of the cost of the representation. He acknowledged this warning at his initial appearance. Ultimately, he was represented by the Federal Public Defender who appeared with him at the preliminary hearing, detention hearing, arraignment, re-arraignment, and sentencing, not to mention appearing for the hearing regarding this matter. No doubt, he also spent significant amounts of time talking with defendant and advising him. Clearly, this representation far exceeded the $400 that was recouped.

### III. CONCLUSION

Based on the foregoing, it appears that defendant has no basis for asserting any due process violation. To the contrary, the recoupment of this money was consistent with the Criminal Justice Act and not violative of the Takings Clause of the Fifth Amendment.

ORDERED this 1st day of February 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE